**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Ricardo E. RIVERA, et al., Defendants-Appellees.**

No. 80–1115.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1982.

Kenneth J. Mighell, U. S. Atty., Dan C. Guthrie, Jr., Asst. U. S. Atty., Fort Worth, Tex., William C. Bryson, Caroline Heck, Ann T. Wallace, Attys., Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Ernest W. Kuehne, Dallas, Tex., for Baker, Pugh, Hunter and Maull.

Tim K. Banner, Dallas, Tex., for Clifton Blair.

William M. Ravkind, Dallas, Tex., for Billy Ray Redmon.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE *, District Judge.

* District Judge of the Western District of Texas, sitting by designation.

ON PETITION FOR REHEARING

SUTTLE, District Judge.

The facts of this case are set out in *United States v. Rivera*, 654 F.2d 1048 (5th Cir. 1981). While the government was preparing its petition for rehearing, the Supreme Court agreed to hear *United States v. Ross*, 655 F.2d 1159 (D.C.Cir.1981). In granting the petition for certiorari in *Ross*, the Supreme Court directed the parties "to address the question whether the Court should reconsider *Robbins v. California*, 453 U.S. [420] [,101 S.Ct. 2841, 69 L.Ed.2d 744] (1981)." *United States v. Ross*, 454 U.S. 891, 102 S.Ct. 386, 70 L.Ed.2d 205 (U.S., 1981). In view of the Supreme Court's action, we informed the parties that we would defer acting on the government's petition for rehearing until the Supreme Court rendered an opinion in *Ross*.

The Supreme Court rendered its opinion in *Ross* on June 1, 1982. In light of that opinion, we will vacate our prior decision and reverse the district court's order suppressing evidence of the core samples of marijuana.

In *United States v. Ross*, —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court again considered "the extent to which police officers—who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it—may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view." *Id.* at ——, 102 S.Ct. at 2159. In overruling its decision of the preceding term in *Robbins v. California*, 453 U.S. 420 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), the six-judge majority held that "the scope of the warrantless search authorized by ... [the automobile] exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents

that may conceal the object of the search."
*Id.* —— U.S. at ——, 102 S.Ct. at 2173–2175.

In arriving at its decision, the court explained:

> ... When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

. . . . .

> The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Id.* at ——, 102 S.Ct. at 2169–2171.

In this case, while law-enforcement officers were observing the farm, they saw the trunks of four cars being loaded with large black bundles. The bundles were apparently being taken from the bed of a pickup truck. Because of darkness and the remoteness of their surveillance positions, the officers could not make out the precise nature of the objects being loaded into the vehicles, other than to note that they were large and black. It is clear that the officers had probable cause to believe that contraband was concealed in the trunks of each of the four cars and in the bed of the pickup. Consequently, under *Ross*, the officers were entitled to make a warrantless search of the trunks of all the vehicles and the bed of the pickup, including the black polyethylene plastic garbage bags found therein.

The government's petition for rehearing is GRANTED. We VACATE our prior decision, REVERSE the district court's order suppressing evidence of the core samples of

marijuana, and REMAND this case to the district court for further proceedings.

REVERSED AND REMANDED.